IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YAN PAN AND MICHAEL CICCONE, § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. H-18-1201 |
| v. § | |
| § | |
| SUMITOMO RUBBER INDUSTRIES, § | |
| LTD.; SUMITOMO CORPORATION OF § | |
| AMERICA; SUMITOMO RUBBER USA, § | |
| LLC; SUMITOMO RUBBER NORTH § | |
| AMERICA, INC.; SRI TIRE TRADING, § | |
| LTD.; TREADWAYS, LLC; DISCOUNT § | |
| TIRE COMPANY OF TEXAS, INC. and § | |
| DISCOUNT TIRE DIRECT, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

**I.    Background**

Yan Pan and Michael Ciccone filed suit in Texas state court after a single-vehicle accident damaged Ciccone's car and injured Pan, the driver. (Docket Entry No. 1-1 at 26, ¶ 15). Pan and Ciccone allege that the accident occurred because a tire manufactured by Sumitomo Rubber Industries and Sumimoto Rubber North America blew out. They sued Sumimoto for strict products liability, negligence, and negligent representation. *Id.* at 27–31, ¶¶ 18–31. They also sued Discount Tire Company of Texas, the company that sold, installed, inspected, and serviced the tire, for negligence in installing, inspecting, and maintaining it. *Id.* at 31–32, ¶¶ 39–41. Sumimoto removed on the basis of diversity jurisdiction, alleging that Discount Tire of Texas, the in-state defendant, was improperly joined. 28 U.S.C. §§ 1332, 1441(b). Sumimoto based its removal on a Texas statute that protects nonmanufacturing sellers from product-liability suits, arguing that Pan and Ciccone have no reasonable basis to recover against Discount Tire

1

Company of Texas under Texas law. *See* TEX. CIV. PRAC. & REM. Code § 82.003; (Docket Entry No. 1 at 6, ¶17). Pan and Ciccone moved to remand, arguing that they adequately pleaded an exception to that statute. (Docket Entry No. 5 at 2-3, ¶ 7).

Based on the pleadings, the motions and responses, the parties' arguments and submissions, and the applicable law, this court denies the motion to remand and dismisses Discount Tire Company of Texas from this lawsuit as an improperly joined party. The reasons are explained below.

## II.     The Legal Standard

A defendant may remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). Although there is complete diversity between Pan and Ciccone (Texas citizens) and the Sumimoto defendants (citizens of Japan and California), Discount Tire Company of Texas is a citizen of Texas. If properly joined, Discount Tire Company of Texas's presence in the suit as an in-state defendant precludes federal removal jurisdiction. The issue is whether Pan and Ciccone have stated a valid state-law cause of action against Discount Tire Company of Texas.

"[A] removing defendant [need not] demonstrate an absence of *any possibility* of recovery . . . the defendant must demonstrate only that there is no *reasonable basis* for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" is not enough. *See Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000); *accord Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

In *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005), the Fifth Circuit clarified the

procedure for determining whether there is a reasonable basis for recovery against the in-state defendant. A court may conduct a Rule 12(b)(6) analysis, examining the allegations in the complaint to determine whether they state a claim under state law against the in-state defendant, or, after examining the pleadings, decide to conduct a summary inquiry. *Smallwood*, 385 F.3d at 573–74. Generally, if a plaintiff's pleading survives the Rule 12(b)(6) analysis, then there is no improper joinder. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). The state-court petition filed when the case is removed controls the analysis. *Bell v. Thornburg*, 743 F.3d 84, 85–86 (5th Cir. 2014) (per curiam) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("Limiting the removal jurisdiction question to the claims in the state court complaint . . . permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.")).

In determining whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668–69 n. 2 (5th Cir. 2007); *see Freeport—McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam). The district court must resolve all factual disputes and ambiguities in state law in favor of the plaintiff. *Travis*, 326 F.3d at 649; *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329. 333 (5th Cir. 2004). If the record reveals a reasonable basis of recovery on any cause of action, a court must remand the entire suit to state court. *Gray*, 390 F.3d at 412 (presence of unavailing claims does not defeat remand); *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004).

### III. Analysis

#### A. Whether State or Federal Pleading Standards Govern the Improper Joinder Inquiry

In deciding a motion to remand based on jurisdiction when an in-state defendant is a party, federal district courts must evaluate whether there is a claim against that party using the federal pleading standards instead of the more lenient "fair notice standard" of Texas state courts. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Pleadings must be reviewed under the federal pleading standard because the question of improper joinder '[a]t bottom . . . is solely about determining the *federal* court's jurisdiction.'" (citation omitted)). This court evaluates Pan's and Ciccone's claims under Rule 12(b)(6), which allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### B. Whether the Petition Alleges a Reasonable Basis for the Plaintiffs to Recover Against Direct Tire Company of Texas

The state-court petition asserts only state-law negligence claims against Discount Tire Company of Texas. Chapter 82 of the Texas Civil Practice and Remedies Code governs product liability actions. A "products liability action" is:

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001. In 2003, the legislature added § 82.003, limiting a plaintiff's ability to recover against nonmanufacturing sellers in a products-liability action.

4

Section 82.003 states that a nonmanufacturing seller "is not liable for harm caused to the claimant by that product unless the claimant proves" that at least one of seven exceptions applies. TEX. CIV. PRAC. & REM. CODE. § 82.003(a) (2003). The exceptions are as follows:

(1) that the seller participated in the design of the product;

(2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

(3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4) that:

> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>
> (B) the warning or instruction was inadequate; and
>
> (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:

> (A) the seller made an express factual representation about an aspect of the product;
>
> (B) the representation was incorrect;
>
> (C) the claimant relied on the representation in obtaining or using the product; and
>
> (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:

> (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>
> (B) the claimant's harm resulted from the defect; or

(7) that the manufacturer of the product is:

(A) insolvent; or

(B) not subject to the jurisdiction of the court.

*Id.*

"[T]he [p]laintiffs' pleadings need not specifically cite to any of the seven exceptions . . . ." *Casas v. The Tire Corral, Inc.,* 2005 WL 6773889, at *1 (S.D.Tex. Mar.31, 2005). "[S]o long as the [p]laintiffs fairly state a claim that falls within any one or more of the exceptions, remand is appropriate." *Id.*

Discount Tire of Texas is a nonmanufacturing seller. Pan and Ciccone must adequately state a claim that falls within one of § 82.003's listed exceptions to have a reasonable basis for holding Discount Tire of Texas liable. TEX. CIV. PRAC. & REM. CODE. § 82.003(a).

### 1. The Allegations Against the Discount Tire Defendants

Pan and Ciccone allege the following:

17. Discount Tire Defendants sold, installed, inspected, and serviced the subject tire. Discount Tire Defendants' negligence and related failure to warn was also a proximate cause of this accident.
. . .

39. Discount Tire Defendants were negligent and grossly negligent in the sale, installation, inspection and maintenance of the tire in question. Discount Tire Defendants negligently performed the installation, inspection and maintenance of the tire in question, in violation of industry standards and failed to warn of th eknown [sic] dangers. This improper installation, inspection and maintenance left the defective tire on the vehicle. Discount Tire Defendants breached the duty they owed to the public, such as Plsitniffs [sic]. Discount Tire Defendants' actions and inactions in regard to the installation, inspection and maintenance of the tire in question constitute negligence, which was a proximate cause of Plaintiff's [sic] damages.

40. Additionally, the occurrence in question was proximately caused by the negligence and/or gross negligence of Discount Tire Defendants, their agents,servants [sic] and/or employees, in one or more of the following non-exclusive particulars:

> a. failing to take reasonable precautions for Plaintiffs' safety;
>
> b. failing to do what a reasonably prudent seller, installer, and repairer of a tire would have done in the same or similar circumstances;
>
> c. failing to properly evaluate the tire; and
>
> d. in additional ways as will be revealed during discovery.
>
> 41. Such negligence was a prximate [sic] cause of the occurrence in question and Plaintiff's [sic] resulting damages.

(Docket Entry No. 1-1 at 27, 31–32, ¶¶ 17, 39–41).

### 2. Negligent Installation

Pan and Ciccone allege that Discount Tire defendants' negligent installation, inspection, and maintenance of the tire was a proximate cause of their damages. (Docket Entry No. 1-1 at 31–32, ¶¶ 39–41). They further allege that the Discount Tire defendants "fail[ed] to take reasonable precautions for Plaintiffs' safety" and "fail[ed] to do what a reasonable prudent seller, installer, and repairer of a tire would have done in the same or similar circumstances." *Id.* They argue that these allegations fall under the § 82.003(a)(3) exception for a nonmanufacturing seller to be liable when it "installed the [tire], or had the [tire] installed, on another product and the claimant's harm resulted from the tire's installation onto the assembled [car]." TEX. CIV. PRAC. & REM. CODE. § 82.003(a)(3). The allegations against the Discount Tire defendants are insufficient.

Pan and Ciccone argue that the exception is applicable because the tire blew two months after Discount Tire of Texas installed it in Ciccone's car. (Docket Entry No. 5 at 3, ¶8). But the timing allegation is not in the petition. Pan and Ciccone presented this allegation after removal in their remand motion. Sumitomo argues that as a result, this court should not consider this allegation in its analysis. (Docket Entry No. 10 at 8–9, ¶¶ 21–22).

Even if the court considered this allegation, it does not "distinguish between harm arising as a result of the defective product and harm arising as a result of the installation itself." *Gomez v. Cooper Tire & Rubber Co.*, 2012 WL 12863171, at *8 (W.D. Tex. Dec. 28, 2012). Pan and Ciccone present no allegations of faulty installation or inspection besides the two-month gap between the installation and the blowout. In similar cases in which plaintiffs did not allege facts showing how a nonmanufacturing seller's work on a tire rather than a defective tire caused the accident and damages, the courts have held that the plaintiffs did not state valid claims against the sellers. *See Martinez v. Cooper Tire & Rubber Co.*, 2012 WL 12894741, at *4 (S.D. Tex. July 13, 2012); *Casas v. The Tire Corral, Inc.*, 2005 WL 6773889, at *4 (S.D. Tex. Mar. 31, 2005) ("[T]he claimant's harm must *result from* the installation itself, not the installation of an allegedly defective product. None of the evidence before this court indicates that Tire Corral incorrectly installed the tire rim; therefore, § 82.003(a)(3) does not provide an exception to Tire Corral's non-liability." (emphasis in original)). Because Pan and Ciccone do not allege how the Discount Tire defendants' tire installation and inspection, as opposed to alleged defects in the tire, caused their damages, they cannot claim the § 82.003(a)(3) exception to the general bar against product liability claims against nonmanufacturing sellers. TEX. CIV. PRAC. & REM. CODE. § 82.003(a)(3).

### 3. Failure to Warn of Known Dangers

Pan and Ciccone also allege that the Discount Tire defendants "failed to warn of the known dangers" in their state-court petition. (Docket Entry Nos. 10, 1-1 at 31, ¶ 39). The § 82.003(a)(4) exception allows recovery against a nonmanufacturing seller that "(A) . . . exercised substantial control over the content of a warning or instruction that accompanied the [tire]," if "(B) the warning or instruction was inadequate; and (C) the claimant's harm resulted

8

from the inadequacy of the warning or instruction." TEX. CIV. PRAC. & REM. CODE. § 82.003(a)(4). Exception § 82.003(a)(6) allows recovery against a nonmanufacturing seller that "(A) . . . actually knew of a defect to the product at the time the seller supplied the product," if "(B) the claimant's harm resulted from the defect." TEX. CIV. PRAC. & REM. CODE. § 82.003(a)(6). Neither exception provides a reasonable basis to hold the Discount Tire defendants liable. Pan and Ciccone do not allege facts showing that the § 82.003(a)(4) exception applies. They do not allege that Discount Tire of Texas exercised substantial control over the tire warnings or that the blow out and damages resulted from the inadequacy of the warning. The § 82.003(a)(6) exception does not apply because the petition does not allege that the Discount Tire defendants knew of any defect in the tire. *See Evans v. Kawaski Motors Corp., USA*, 2015 WL 4434073, at *5 (S.D. Tex. July 17, 2015) (the petition was insufficient under § 82.003(a)(6) because the plaintiffs did not explicitly allege that the defendants actually knew of the product's defect).

### 4. Failure to Properly Evaluate the Tire

Pan and Ciccone allege that the Discount Tire defendants "fail[ed] to properly evaluate the tire." (Docket Entry No. 1-1 at 32, ¶ 40). This allegation does not provide a reasonable basis for recovery against Discount Tire because § 82.003(a) does not make nonmanufacturing sellers liable for failures in evaluating products. TEX. CIV. PRAC. & REM. CODE. § 82.003(a). A failure to evaluate the tire is synonymous with a failure to inspect the tire, and "a seller does not have a duty to inspect or test a product manufactured by another for latent defects and thus cannot be held liable for failure to test or inspect." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 806 (S.D. Tex. 2011) (citing *Champion Mobile Homes v. Rasmussen,* 553 S.W.2d 237, 243 (Tex.Civ.App.1977).

## IV. Conclusion

Pan and Ciccone have not shown a reasonable basis to recover against the only in-state defendants, Discount Tire Company of Texas and Discount Tire Direct, Inc. The court dismisses those defendants as improperly joined parties. Because the plaintiffs and the remaining defendants are diverse, removal was proper on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). Pan's and Ciccone's motion to remand, (Docket Entry No. 5), is denied.

SIGNED on June 20, 2018, at Houston, Texas.

                                      Lee H. Rosenthal
                             Chief United States District Judge